Marrero, V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBIS CAPITAL PARTNERS, L.P. and
GLOBIS OVERSEAS FUND, LTD.,
individually and on behalf of all others
similarly

        Plaintiffs,

-against-.

THE CASH STORE FINANCIAL
SERVICES INC., GORDON REYKDAL,
CRAIG WARNOCK, NANCY BLAND, and
MICHAEL SHAW,

        Defendants.

No. 13 Civ. 3385 (VM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/14

**STIPULATION AND ORDER GOVERNING**
**EXPERT REPORTS, DISCLOSURES AND DISCOVERY**

1

**WHEREAS**, the parties to the above-captioned litigation presently pending in this Court (the " U.S. Litigation") may engage experts;

**WHEREAS**, the parties plan to engage in settlement discussions, including a mediation, together with the parties to parallel litigation presently pending in the courts of Ontario, Quebec, and Alberta, Canada (namely *Fortier v. The Cash Store Financial Services, Inc.* (Court File No.: CV-13-481943-00CP), *Dessis v. The Cash Store Financial Services, Inc.* (Court File No: 200-06-000165-137), and *Hughes v. The Cash Store Financial Services, Inc.* (Court File No. 1303-07837), respectively) (collectively, the "Canada Litigation"), and such mediation or settlement discussions may involve work by experts;

**WHEREAS**, the parties wish to agree to certain bilateral limitations on expert discovery to avoid wasteful and unnecessary expenditure of resources and unwarranted intrusion into the parties' preparation of their respective cases, while permitting the parties to conduct thorough inquiry, through discovery, into the basis for contemplated testimony of expert witnesses, and for other purposes;

**IT IS THEREFORE AGREED**, by and among the parties, through their counsel, that the following provisions of this Order shall govern expert reports, disclosures and discovery in the U.S. Litigation, notwithstanding anything to the contrary in the Federal Rules of Civil Procedure, Federal Rules of Evidence or the Local Civil Rules of this Court:

1. With respect to any individual designated by a party as a testifying expert witness ("Testifying Expert"), including any individual retained by or working at the direction of a party or a party's counsel in connection with mediation or settlement proceedings either in the U.S. Litigation or the Canada Litigation, the parties shall not be required to disclose or produce in discovery or at trial any:

(a) drafts of expert reports prepared by the Testifying Expert or his or her staff, regardless of whether such drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees, or consultants for the party or parties who have retained such expert or the parallel party or parties in the Canada Litigation;

(b) notes or other documents prepared by the Testifying Expert, or his or her staff, unless relied upon as a basis for his or her opinions;

(c) documents or information constituting or reflecting oral or written communications between the Testifying Expert and his or her staff, unless relied upon as a basis for his or her opinions; or

(d) documents or information constituting or reflecting oral or written communications between the Testifying Expert and the party, parties, or counsel who retained the expert in this action or the parallel party or parties in the Canada Litigation, unless relied upon as a basis for his or her opinions.

2. With respect to any individual retained by or working at the direction of a party or a party's counsel to assist such party or counsel with the analysis, development, or preparation of expert testimony or expert discovery, including in connection with mediation or settlement proceedings either in the U.S. Litigation or the Canada Litigation, but not proffered as a Testifying Expert ("Non-Testifying Expert"), the parties shall not be required to disclose or produce in discovery or at trial any:

(a) expert reports or drafts of expert reports prepared by the Non-Testifying Expert or his or her staff, regardless of whether such reports or drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees, or consultants for the party or parties who have retained such expert or the parallel party or parties in the Canada Litigation;

3

(b) notes or other documents prepared by the Non-Testifying Expert, or his or her staff;

(c) documents or information constituting or reflecting oral or written communications between the Non-Testifying Expert and his or her staff;

(d) documents or information constituting or reflecting oral or written communications between the Non-Testifying Expert and the party, parties, or counsel who retained the expert in this action or the parallel party or parties in the Canada Litigation; or

(e) documents or information constituting or reflecting oral or written communications between the Non-Testifying Expert, or his or her staff, and a Testifying Expert, or his or her staff, unless relied upon by the Testifying Expert as a basis for his or her opinions.

3. Experts, their staff, counsel, and the parties are free to discard, and need not preserve, copies of any of the documents listed in paragraphs 1(a) through 1(d) and 2(a) through 2(e) hereof.

4. Any work conducted by (or communications with) any Testifying Expert or Non-Testifying Expert retained by or working at the direction of a party or a party's counsel to assist such party or counsel in connection with any mediation or settlement discussions, either in the U.S. Litigation or the Canada Litigation, and regardless of whether such individual also files an expert report or gives expert testimony in either the U.S. Litigation or the Canada Litigation, shall not be discoverable or admissible in either the U.S. Litigation or the Canada Litigation.

5. Each Testifying Expert shall be required to (i) identify all documents produced by any party or nonparty in discovery and all deposition testimony on which he or she has relied as a basis for his or her opinions; (ii) identify and (if requested) produce copies of all other information not included in clause (i) above on which he or she has relied as a basis for his

4

or her opinions; and (iii) provide all other information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Parties shall identify the documents referenced in subpart (i) of the first sentence of this Paragraph by "Bates" numbers and shall identify the deposition testimony by deponent name, deposition date, and citation to the specific location within the transcript.

    6. Nothing in this Proposed Joint Protocol is intended to expand or limit a party's ability to prepare and use graphical or demonstrative exhibits with Testifying Experts based on the facts, data, or opinions contained in expert reports at any hearings or any trial. Nothing herein shall limit or waive any party's rights to object for any reason to the admission or use of any proposed exhibits or testimony, including, without limitation, any opposing party's expert report, or object to the qualifications of any individual to testify as an expert witness.

Dated: February 3, 2014

Respectfully submitted

PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
Email: rrosen@paulweiss.com

By: _____
Richard A. Rosen

*Counsel for Defendants The Cash Store
Financial Services Inc., Gordon Reykdal,
Craig Warnock and Michael Shaw*

AXINN VELTROP & HARKRIDER LLP
114 West 47th Street, 22nd Floor
New York, NY 10036
Tel: (212) 728-3000
Fax: (212) 728-2201
Email: trohback@axinn.com

By: _____
Thomas G. Rohback

*Counsel for Defendant Nancy Bland*

KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600
Fax: (212) 751-2540
Email: ipress@kmllp.com

By: _____
Ira M. Press

HOFFNER PLLC
800 Third Avenue, 13th Floor
New York, NY 10022
Tel: (212) 471-6203
Fax: (212) 935-5012
Email: hoffner@hoffnerpllc.com

By: _____
David S. Hoffner

*Counsel for Plaintiffs*

**SO ORDERED.**

2-4-14
DATE       VICTOR MARRERO, U.S.D.J.

SO ORDERED:

_____
U.S.D.J.